Parker C. J.
There are several difficult points in this case, which have prevented us from deciding it so soon as we wished.
The first point relates to the proof of the loss of the mortgage deed from Peck to Whiting (which the demandant avers was assigned to him), so that a copy from the registry could be rightly admitted.
It was objected that the evidence to prove the loss was insufficient. The question was to he decided by the judge, in *285 order to determine whether the copy should go in evidence to the jury. Taking the evidence altogether, viz. the affidavit of Ruggles Whiting, and the testimony of Gates, Richardson and Goodwin, the loss was sufficiently proved. But it is objected, that the affidavit of Whiting should not have been received, he being, as it is said, a competent witness, so that he ought to have been examined viva voce upon the stand, or. his deposition should have been taken with the proper notice to the adverse party, or under a commission giving opportunity to cross-examine. We think this objection is sustained. The affidavit of a party on the question of loss of a paper may be admitted, to exclude any presumption that he may have it in his possession, or know where it is, but those w.ho may be admitted as witnesses must testify in the usual form, in order that the advantage of cross-examination may be preserved.
But Whiting’s testimony being out of the case, there is still a question whether there was' not sufficient evidence of the loss. The demandant claims under an assignment by deed, separate and distinct from the mortgage deed, being an independent instrument referring to the mortgage. This assignment was made in February, 1825, several years after the supposed loss of the mortgage deed ; so that this deed could not have been delivered over, but still was capable of being assigned, as the loss of the deed could not destroy Whiting’s title. What remedy then can the plaintiff have, Whiting being now dead, and being dead at the time of the trial ? The mortgage deed, after the assignment, belonged to the demand-ant. It is to him, therefore, we are to look for diligence in searching for it, and if he use due diligence, and it cannot be found, he is entitled to produce the registered copy, which is better evidence than proof of the contents by paroi evidence.[1] He proves that Whiting, in 1823, made search in a trunk of papers which he had left in the custody of a friend, when he went to the western country. He proves that the person with whom Whiting’s papers were so left, carefully searched among the deeds and papers in the trunk committed to his care ; that *286 the administrator of Whiting has searched, and also his agent in Kentucky, with whom he had also left papers ; but neither deed nor note could be found. That there was in fact such a deed, cannot be doubted, for the registered copy is sufficient evidence of this fact. This evidence leaves only the alternative, that the original mortgage deed was lost, or that it had been delivered up to the mortgager on satisfaction of the deb it was given to secure. We think this cannot be presumen against the evidence resulting from the record, which shows no cancelling of the deed, nor any release, one or other of which would appear, if the mortgage had been discharged.
But it appearing by the registered copy of the deed, that the original from which it was copied, was only one part of an indenture, which was interchangeably signed and sealed, a question is made, whether due diligence has been used without the production of the counterpart, or some proof of efforts to produce it. In the case of The King v. Castle-ton, 6 T. R. 236, it was decided, that proof of the loss of one part of an indenture, it appearing that the other part was in the hands of an agent who might be summoned to testify, was not sufficient to authorize the admission of evidence of the contents. The suggestion of the counsel for the demand-ant, that the counterpart, if existing, is in the hands of Peck, and that he is not a competent witness, differs this case from that, but not sufficiently to legalize the secondary evidence, for it may be that Peck, on application, will deliver this counterpart to the demandant, and if he will not and cannot be made a witness, still proof that he has been called upon and has refused, would put the demandant upon better ground than he now stands upon ; for there may be a presumption, in the absence of the counterpart, and of all evidence of any attempt to procure it, that it contains some defeasance or discharge of the contract between the parties. We should not, therefore, feel at liberty to give full effect to the registered copy, without hearing something of the counterpart.
In regard to the deed of assignment from Whiting to the demandant, of February 13, 1825, that was sufficiently proved. And as to the deed of confirmation, it was considered by the judge as not necessary to the demandant’s title ; and *287 50 it strikes us. If it should be offered again, the proof of execution will be open to objection, as we have not decided that question, and perhaps unexceptionable evidence has been obtained.
In regard to the disseisin set up by the tenant with a view to prevent the operation of the deeds of assignment, we think the decision of the judge was correct, both as to evidence of disseisin, its limitation, and its effect upon so much of the land as was actually covered by the buildings then existing.[1]

 See Southerin v. Mendum. 5 N. Hamp. R. 428; Ward v. Fuller, 15 Pick, 187; Hewes v. Wiswell, 8 Greenleaf, 94.

 See Hunt v. Hunt, 14 Pick. 385; Alden v. Gilmore, 13 Maine R. (1 Shepley,) 178; Kinsell v. Doggett, 2 Fairfield, 314.